## Espy *against* Allison.

A mortgagor and mortgagee are incompetent witnesses in an action between the purchaser at sheriff's sale, of the land mortgaged, and an assignee of one the mortgage binds, which involves the liability of the purchaser to pay the bond, or having paid it by mistake, to recover it back.

A purchaser at sheriff's sale, being under the impression, that he was liable to pay a bond secured by mortgage on the property purchased, paid the same, and afterwards discovered that he was not bound to pay it: *Held,* That he could not recover the money back, the holder of the bond having conscientiously received the same.

ERROR to the common pleas of *Dauphin* county.

William Espy against William Allison.  *Assumpsit* for money had and received.

On the 6th of May 1831, John Johnson gave his mortgage to Philip Wolfersberger, to secure three bonds, one bond for 650 dollars, payable presently; one for 500 dollars, payable the 1st of May 1832, and one for 500 dollars, payable the 1st of May 1833.   On the 12th of October 1831, Philip Wolfersberger assigned the bond for 500 dollars, due the 1st of May 1833, to Mrs Fulton, and guaranteed the payment of it.   Johnson paid to Wolfersberger the other two bonds before September 1833, and on the 7th of September 1833, Philip Wolfersberger being requested by Johnson to enter satisfaction on the mortgage for the two bonds paid to him by mistake as alleged, entered satisfaction in full for all the bonds.

On the 9th of January 1834, John Johnson gave to William Espy his mortgage, on the same property previously mortgaged to Wolfersberger, to secure to Espy 3028 dollars and 50 cents, payable on the 1st of April 1834, with interest from date, the amount of a bond conditioned to pay that sum.   To August term 1836, Espy sued a *scire facias* on this mortgage, and having obtained judgment and issued a *levari facias*, the property mortgaged was sold to him by the sheriff in December 1837, and the sheriff made him a deed—plaintiff purchased the property at the sheriff's sale for 1450 dollars. There is evidence, that plaintiff knew that Wolfersberger had assigned the bond of 500 dollars, due in May 1833, to Mrs Fulton, before he bought the property mortgaged at the sheriff's sale.   He knew it before he knew that satisfaction was entered on the mortgage.   His claim to recover in this suit, is grounded on the allegation, that he paid to defendant, the executor of Mrs Fulton, the amount of the bond assigned to her by Wolfersberger, before he knew of the entry of satisfaction.   It appeared that plaintiff on the 9th of April 1838, paid defendant, the executor of Mrs Fulton the amount of the bond due the 1st of May 1833; a few days after the

payment of that bond, plaintiff and defendant went to the recorder's office to have satisfaction entered by defendant on the mortgage—Johnson to Wolfersberger. They then discovered that satisfaction had been entered for all the bonds secured by the mortgage by Wolfersberger. Plaintiff, shortly after that time, gave defendant notice to return him the money paid on the bond assigned to Mrs Fulton—which defendant refused to do—whereupon, plaintiff brought this suit in April 1838.

On the trial, the defendant offered in evidence the depositions of John Johnson and Philip Wolfersberger. To which the plaintiff objected, on the ground that they were interested. The court over-ruled the objection, and they gave evidence, that the bond had never been paid, and that the satisfaction on the mortgage was entered by mistake.

The court below thus charged the jury :—

" After Wolfersberger had assigned the bond to Mrs Fulton, he had no authority to enter satisfaction on the mortgage for that bond. Yet if plaintiff, before he took his mortgage from Johnson, had seen the entry of satisfaction, and had been misled by it, Mrs Fulton's estate would have been bound by the entry of satisfaction by the legal owner of the mortgage. But equity, which is part of the law, looks to the actual rights of the parties, and distributes justice to each one, so far as it can be accomplished. In this case, plaintiff was not misled by the entry of satisfaction. The entry of satisfaction was made without authority, so far as regarded the security afforded by the mortgage for the amount of the bond assigned to Mrs Fulton. Plaintiff knew that Mrs Fulton owned that bond, before he knew of the entry of satisfaction. His claim to recover in this suit is founded on the allegation that he was ignorant of the entry of satisfaction when he paid the amount of the bond assigned to Mrs Fulton, to defendant her executor. If you are satisfied that he was ignorant of the entry of satisfaction at the time he paid the money to defendant, and was not misled by the entry of satisfaction, your verdict should be for defendant."

*Herman Alricks* and *M'Clure*, for plaintiff in error as to the admission of the witnesses, cited *Phil. Ev.* 53; 5 *Serg. & Rawle* 371; 4 *Bin.* 83. As to the charge of the court, 2 *East* 472; 1 *Pr. Wms.* 355; 8 *Cowen* 195.

*M'Cormick*, for defendant in error, on the first point cited 2 *Stark. Ev.* 744.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned is, that the court below overruled the objection, made by the plaintiff's counsel, to the admission of John Johnson and Philip Wolfersberger, offered as witnesses on the part of the defendant, on the ground that they were

interested in the event of this suit, and therefore incompetent. It seems to be pretty evident, that if the plaintiff had not paid the money to the defendant, which he seeks to recover back in this action, the defendant might have maintained an action against Johnson on his bond for the recovery of it; and in the event of his being unable to pay, he might have had recourse to Wolfersberger for it, upon his guaranty, accompanying the assignment of the bond to the testator of the defendant, but seeing the defendant has been paid by the plaintiff, the amount of the money due upon the bond, it follows as a necessary consequence, that, as long as he shall be allowed to retain the money so paid to him, both Johnson and Wolfersberger are discharged from all liability to him for the debt or money mentioned in the bond. If, however, the plaintiff in this action should ultimately succeed in getting back the money paid by him to the defendant, the liability of Johnson and Wolfersberger would be revived as it were; and this would go to show that they had an interest in preventing the recovery of the plaintiff, and consequently were incompetent to give testimony against him: unless it be, that in case of the plaintiff's failing to recover in this action, they would be liable under their respective obligations, growing out of the bond and the guaranty, to reimburse the plaintiff the money he paid to the defendant. If this should be so, then the extent of their liability would be the same, whether the plaintiff should recover in this action or not, and it would make no difference to them, in point of interest, whether they have to pay the defendant or the plaintiff. But then the question presents itself, would they be bound to pay, or reimburse the plaintiff, if he fail to recover the money back from the defendant? If the house and lot, in the hands of the plaintiff, after he had become the owner thereof, by purchase at the sheriff's sale, made under a judicial proceeding upon his own mortgage, were still bound for the payment of the money, which he paid to the ·defendant, on the ground of his having purchased the property subject to the payment of it, over and above the price given for it at the sale of the sheriff, then it would seem to be clear, that he would have no claim, either in law or equity, to be reimbursed by Johnson or Wolfersberger. Because, having obtained the property at the sheriff's sale for a price, just so much less than the value of it, as the money paid by him to the defendant amounted to, he must be considered as having paid it out of the funds or property of Johnson, as Johnson was the owner of the house and lot, and the same was sold by the sheriff as his property to the plaintiff, for a price less that amount than its real value, because it was considered as being sold subject to that sum, or the debt owing to the testatrix of the defendant. If, however, it be, that the plaintiff acquired a priority of lien on the house and lot, for his debt against Johnson, under the mortgage taken of him, though posterior in date, as well as in its execution and being recorded, to that of the mortgage given by Johnson to Wolfersberger, on account of satisfaction having been

entered on the record, made of the latter mortgage before, and its still remaining there at the time when the plaintiff took and recorded his mortgage, then his payment of the money to the defendant must be regarded as voluntary, for it is not pretended that he paid it at the request of either Johnson or Wolfersberger, and consequently under this view of the case, he would have no claim against either of them for a reimbursement of the money so paid. But then in order to meet-the case under this view, or any other that might be taken of it, the counsel for the defendant, as it may be supposed, deemed it more safe and proper, if not necessary, on the trial, to show that the defendant, or his testatrix, never had been paid or satisfied in any way for the money mentioned in the bond assigned by Wolfersberger to her, the payment whereof was also secured by the mortgage from Johnson to Wolfersberger, and therefore that he had still a just claim to it, not authorizing the entry of satisfaction on the mortgage, and so might, with great propriety and a clear conscience, receive it from the plaintiff or any other person. Now for this purpose, as also for that of repelling all seeming equity of the plaintiff to the money, the testimony of Johnson and Wolfersberger, was offered by the counsel of the defendant, and admitted by the court. Thus the defendant, by means of their evidence, no doubt hoped to make himself doubly secure in the receipt of the money, and at the same time establish his right to retain it. This being once effected, Johnson and Wolfersberger would thereby be entirely discharged from all future liability to pay the money to any one. Hence it cannot be considered that their liability or interest was the same, whether the plaintiff succeeded in this action or not, but that it was altogether on the side of the defendant. We therefore think they were not competent witnesses, and that the court below erred in admitting their evidence.

As to the remaining errors, we are of opinion, that none of them are sustainable. Admitting that the plaintiff was ignorant of the fact when he paid the money, that satisfaction in full was entered on the mortgage from Johnson to Wolfersberger, still, if the money had never been paid, and was justly coming to the defendant, though not from the plaintiff, the defendant might very fairly and honestly receive it, when offered to him by the plaintiff, unless it were, that the defendant had by some misrepresentation, made on his part, led the plaintiff into the mistake or error under which he paid the money. From the evidence, however, it does not appear, that there is the least ground for making an insinuation of the kind. But there is some evidence tending to prove, that the plaintiff, when he bought the property at sheriff's sale, was under the impression, that it was bound by the prior mortgage given to Wolfersberger, for the payment of the money coming to the defendant, and if this were so, it may be inferred, that he bid so much less for the property, believing that if he bought, he would have to pay the debt coming to the defendant, before he could hold it discharged from incumbrances. But

still, although it is not likely, that a reversal of the judgment will avail the plaintiff any thing, yet it must be done on the first error assigned and on that alone.

Judgment reversed, and a *venire de novo* awarded.