74        371
f 32 SC ²543

74        371
f224      ²451

Real Estate Saving Institution *versus* Linder *et ux.*

1. A married woman owning land joined with her husband in a mortgage which was assigned to a bank; in a scire facias on it the verdict was for *her*. She sold part of the land; the purchaser paid the purchase-money to the bank in order to procure a release of the mortgage. *Held*, that she could not recover the money from the bank.

2. One who voluntarily pays money with knowledge or means of knowledge of the facts, and without fraud on him, cannot recover it because he paid in ignorance of the law.

. November 6th 1873.    Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county:* No. 130, to October and November Term 1873.

This was an action on the case brought March 22d 1873, by John Linder and Catharine his wife, in her right, against the Real Estate Savings Institution.

Mrs. Linder being the owner of real estate, a mortgage upon it was executed by herself and husband, to John Cassiday, who assigned the mortgage to the defendants in this suit; an instalment of the money secured by mortgage being due, a scire facias on it was issued. She set up as a defence that her signature and acknowledgment to the mortgage were obtained by actual compulsion of her husband, and, on the trial, a verdict was rendered in her favor; during the pendency of this suit, she sold lot "No. 3 in block No. 13," part of her real estate bound by the mortgage to James W. Mackrell. The purchaser, Mackrell, in order "to secure himself against the lien of the mortgage and the possible contingencies of a suit on the same," paid to the defendants $420 (which included attorney's commission), being one-half the purchase-money of said lot. The affidavit of claim set forth the forementioned facts, and in it, Mrs. Linder, plaintiff, further averred :—

"That said mortgage as to deponent having been judicially declared void, this suit is brought to recover from defendant the said $400, the attorney's commission of five per cent., and the interest as aforesaid."

The affidavit of defence averring the execution of the mortgage mentioned in the claim by Linder and wife and its assignment to the defendants, further averred : "That on or about the 18th of July 1865, the said defendants instituted suit of scire facias on said mortgage. That on the 13th day of February 1866, James W. Mackrell, the brother of Henry C. Mackrell, the counsel of the said Catharine Linder, while the said suit of scire facias was pending and untried, the said Henry C., acting as attorney for his said brother therein, voluntarily offered to pay and did pay to the Real Estate Savings Institution the sum of four hundred dollars,

and twenty dollars attorney's fee thereon, which this deponent believes the said defendant might, and could, in good conscience, receive, the same being the one-half o fthe conditional sum of eight hundred dollars, and twenty dollars attorney's fees, due and owing from the said John Linder, to whom the proceeds of the said mortgage had been paid by the defendant, as a loan.

That the liability of the said John Linder on said bond or mortgage has never been tried, the writ of scire facias never having been served on him.

That said James W. Mackrell procured by the payment, pending the said suit, to the said defendants, the release of the said lot No. 3 from the lien of the said mortgage. "That by the payment of the said four hundred and twenty dollars, by said James W. Mackrell, voluntarily, with the *lis pendens* staring him in the face, no right has arisen or been created whereby the said Catharine or the said John can recover the same from the defendant, and that the remedy, if any she have, is upon said James W. Mackrell for the whole of the purchase-money."

The court entered judgment for the plaintiff for $605.50 for want of a sufficient affidavit of defence.

The defendants took a writ of error; they assigned for error, the entering of the judgment against the defendant for want of a sufficient affidavit of defence.

*M. W. Acheson* (with whom was *E. B. Todd*), for plaintiff in error.—Voluntary payment of money which was not compellable by law, if without fraud, cannot be recovered back : Carson *v.* McFarland, 2 Rawle 118; Boas *v.* Updegrove, 5 Barr 516; Hospital *v.* Philadelphia Co., 12 Harris 229; Ludlam's Est., 1 Parsons 123; Deysher *v.* Triebel, 14 P. F. Smith 383; Irvine *v.* Hanlin, 10 S. & R. 220.

*H. C. Mackrell*, for defendants in error.

The opinion of the court was delivered, January 5th 1874, by

Mercur, J.—This action was brought to recover money, which the plaintiff below claimed had been received for her use. The affidavit of defence filed avers the money was paid to the defendant below under these circumstances, to wit : Linder and wife had executed a bond to John H. Cassiday, conditioned for the payment of $800, and to secure the payment thereof had given a mortgage upon lands of the wife, designated as Nos. 2 and 3 in block No. 13. The mortgagee assigned it to the defendant below, who issued a scire facias upon it. During the pendency of that action, and after an affidavit of defence and plea had been filed by Mrs. Linder, one James W. Mackrell purchased lot No. 3 from her, and voluntarily paid to the plaintiff in that case, who was the

[Real Estate Saving Institution *v.* Linder.]

defendant below in this, the sum of $420 upon the mortgage, and thereby procured a release of said lot from the lien of the mortgage; that the assignee in good conscience received the money. Thus the affidavit substantially avers an entire good faith transaction on the part of the defendant · below, and a voluntary payment by Mackrell with full knowledge, or with the means of full knowledge, of all the facts alleged against the validity of the mortgage. · The affidavit made by the plaintiff below of her cause of action shows that Mackrell had actual notice of the pendency of the scire facias. She avers he paid it "to secure himself against the lien of said mortgage, and the possible contingencies of the suit on the same;" that *she* had full notice is unquestioned.

The general rule is well settled that one who voluntarily pays money with full knowledge or means of knowledge of all the facts, without any fraud having been practised upon him, cannot recover it back by reason of the payment having been made in ignorance of law. In our own state this rule has been recognised in Irvine *v.* Hanlin, 10 S. & R. 219; Espy *v.* Allison, 9 Watts 462; Boas *v.* Updegrove, 5 Barr 516; Appeals of During, King and Miller, 1 Harris 224; Natcher *v.* Natcher, 11 Wright 496; Deysher *v.* Triebel, 14 P. F. Smith 383. The affidavit of · the plaintiff below charges no fraud, or knowledge of fraud, in the assignee of the mortgage. It does not aver that he received the money in bad faith, or that it was against conscience for him to retain it. As the case stood we think the learned judge erred in entering judgment for want of a sufficient affidavit of defence. If upon a trial the evidence shall show that the defendant below is liable to pay the money it may admit of a question whether the right of action is in the present plaintiff below. As to this we at present indicate no opinion.

Judgment reversed, and a *procedendo* awarded.