NEEDLES v. BURK, *Appellant.*

1. **Minor Child, Acts of**: FATHER NOT RESPONSIBLE FOR. A father is not responsible for the negligence or willful wrong of his minor child.

2. **Mistake of Law**: MISREPRESENTATIONS: RECOVERY BACK OF MONEY PAID. Where a minor child sets fire to and burns property of another, and the father, in ignorance of the fact that he was not legally liable therefor, pays the loss, he cannot recover it back, but it is otherwise if the father is induced to pay the loss by the fraudulent misrepresentation of the owner of the property that the child did the burning.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*O. L. Houts* for appellant.

Money paid or property delivered under a mistake of law, cannot be recovered. Bishop Cont., § 144; *United States Bank v. Daniels,* 12 Pet. 32; *Shotwell v. Murry,* 1 Johns. Ch. 512; *Clark v. Dutcher,* 9 Cow. 674; *Mowatt v. Wright,* 1 Wend. 355; *McCarter v. Teller,* 8 Wend. 267; *Pinkham v. Gear,* 3 N. H. 163; *Claffin v. McDonough,* 33 Mo. 412; *Hendricks v. Wright,* 50 Mo. 311; *Mutual Savings Inst. v. Enslin,* 46 Mo. 200; *Daily v. Jessup,* 72 Mo. 144.

Money paid under a mistake of facts can be recovered, but the facts mistaken must be material, such as would have given rise to a legal obligation. And not such as only affect the motives or policy of the party paying. Bishop on Cont., § 249, bottom p. 84; 1 Parsons on Cont., (6 Ed.) side p. 466, bottom 489, and cases cited; *Etting v. Scott,* 2 Johns. 157. Money paid after investigation upon a claim set up in good faith, but which turns out to be unfounded, cannot be recovered. *McArthur v. Luce,* 43 Mich. 435; *Mowatt v. Wright, supra; Bisbie v. Lemlie,* 2 East 470; Kerr on Fraud and Mistake, 403, 404. If there is no evidence to support the verdict, it cannot stand. Reference by counsel in closing argument to facts outside the record, will work a reversal of judgment.

*J. M. Crutchfield* for respondent.

(1) To preclude a party from recovering a payment made under a mistake as to his liability, it must appear that it was made with a full knowledge of all the facts, and under circumstances repelling all presumption of fraud or imposition. 2 Kent's Com., (10 Ed.) p. 682, side p. 491; 1 Parsons' Cont., (5 Ed.) p. 466, side p. 466; *Natcher v. Natcher,* 47 Pa. St. 496; *Siliman v. Wing,* 7 Hill 159. (2) Payments made by a party under a mistake as to his liability, can be recovered where the circumstances are such that it would be inequitable or unconscientious for defendant to retain it. *Kelly v. Solari,* 9 Mees. & Wels. 54; 2 Smith's Leading Cases, p. 543; Broom's Leg. Max., 177, 237; 3 B. Mon. 513; *Bize v. Dickenson,* 1 T. R. 285; *Columbus Ins. Co. v. Walsh,* 18 Mo. 229; *Griffin v. Townsley,* 69 Mo. 13; *Foster v. Kirby,* 31 Mo. 496. (3) One who is injured by his mistake of fact, does not lose his remedy, because he mistook the law also. Mistake of both law and fact is a ground for recovery. 3 Parsons on Cont., (5 Ed.) p. 399, side p. 399; *King v. Doolittle,* 1 Head (Tenn.) 77; *Jeffs v. York,* 10 Cush. 392; *Brown v. Sawyer,* 1 Aik. (Vt.)

130; *Lodge v. Boone*, 3 H. & J. (Md.) 218. (4) Payments procured by false representations or conduct, may always be recovered by the party paying. 2 Parsons on Cont., (5 Ed.) pp. 785, 786; *Magoffin v. Muldron*, 12 Mo. 512; *Gibson v. Stephens*, 3 McLean C. C. 551; *Hinsdale v. White*, 34 Vt. 558; *Reynolds v. Rochester*, 4 Ind. 43.

HOUGH, C. J.—The plaintiff sues the defendant to recover back from him the value of certain property which he alleges he delivered to the defendant upon representations made by him to the plaintiff, that the plaintiff's infant son had carelessly and negligently set fire to and burned defendant's barn, of the value of $600, and upon the further representation that the plaintiff was liable for said damage, and that defendant's neighbors all regarded him as liable, and were urging him, the defendant, to sue plaintiff therefor; that being ignorant whether or not his infant son had set fire to and burned defendant's barn, and, also, of his rights and liabilities in the premises, and relying upon the representations, so made to him by the defendant, which representations were made by the defendant without knowing them to be true, and which were, in fact, untrue, and which were made for the purpose of obtaining from the plaintiff his said property, plaintiff delivered said property to the defendant in payment of said supposed liability. There was a second count for work and labor which requires no notice at our hands.

There is testimony tending to show that the plaintiff's infant son carelessly lighted a match in or near the barn, and accidentally dropped it where there was some hay which became ignited and caused the burning of the barn, and it is extremely doubtful whether there is testimony enough in support of any other theory to warrant a finding that the plaintiff's son did not burn the barn, as alleged by him. The testimony is irreconcilably conflicting as to whether the defendant made any representations whatever, innocent or fraudulent, to the plaintiff about his son having burned

the barn. Both plaintiff and defendant and their families were present at the place of the fire, immediately after it occurred, and all the facts and circumstances attending the origin of the fire, so far as they were known, were equally well known to both parties, long before the payment was made by the plaintiff to the defendant. These facts were the basis of much discussion and inference, and the testimony tends to show there was much neigborhood talk upon the subject, and that some of the neighbors suggested a suit, and some a settlement. The court instructed the jury that, in order to a recovery, it devolved upon the plaintiff to show that his son did not burn the barn, but that he believed he did burn the barn, and that he was liable therefor, when he parted with his property, and that he was induced so to believe by the representations of the defendant, and that such representations were untrue. An instruction, asked by the defendant and refused by the court, required the jury to find, also, that the representations of the defendant were fraudulently made. While it is not our province to deal with the facts, further than to see that there is testimony enough to warrant a submission of the issues raised to the jury, we feel constrained to remark that we cannot escape the conclusion that the chief mistake made by the plaintiff was, in supposing himself to be civilly liable for his son's negligence.

It is settled in this state that a father is not responsible for injuries inflicted through the negligence or willful wrong of his minor child. *Baker v. Haldeman,* 24 Mo. 219. The plaintiff, therefore, was not liable to the defendant, Burk, for the value of his barn, even though it had been set on fire by the plaintiff's son. If the plaintiff's son had fired the barn, and in consequence thereof, but in ignorance of the fact that he was not legally liable therefor, the plaintiff had paid the defendant the amount of his loss, it would not be pretended that he could recover it back. But it is contended that, in addition to the mistake of law made by the plaintiff, he was induced by the misrepresen-

tations of the defendant to believe that his son did fire the barn, and that, as this belief on his part caused him to pay the defendant the sum claimed, it constitutes such a mistake of fact as entitles him to recover back the sum paid.

There can be no question that where money has been paid under a mistake of fact, which causes an unfounded belief of a liability to pay, it may generally be recovered back, 1 Parsons on Con., 465 (6 Ed.). But it is, also, true that in order to entitle a person to recover back money paid under a mistake of fact the mistake must be as to a fact which, if true, would make the person paying liable to pay the money, not where if true it would merely make it desirable that he should pay the money. *Aiken v. Short*, 1 Hurlst. & N. Exch., 210. So, that if the alleged representation of the defendant to the plaintiff, that his son had burned his barn, was a mere mistake this would not of itself suffice to warrant a recovery. To entitle the plaintiff to recover, it should be shown, not only that the plaintiff's son did not burn the barn, but that the plaintiff was induced by the representations of the defendant to believe that his son did burn the barn, and that defendant did not believe his representations to be true, or knew that they were untrue; in other words, that such representations were fraudulently made. Where money is paid upon the fraudulent representation of a fact which, if true, would create no legal obligation, but would natually excite emotions of benevolence, sympathy or compassion, and superinduce a sense of moral obligation which prompted the payment it is right and just that the party paying should be entitled to recover back the sum which he has thus been fraudulently induced to pay. If a simple mistake of fact which creates no legal liability, and which is wholly disconnected from any fraud, induce a payment of money to one who is lawfully entitled to compensation, but not from the party paying, while there may be a moral obligation to return the money, such moral obligation cannot be made

the basis of an implied legal obligation which will sustain an action.

The judgment will be reversed and the cause remanded. All concur.