E. M. NEEDLES, Appellant, v. JOHN H. BURKE, Respondent.

Kansas City Court of Appeals, December 6, 1886.

1. ACTION IN TWO COUNTS—REVERSAL BY SUPREME COURT FOR ERRORS IN TRIAL ARISING ON ONE OF THE COUNTS—EFFECT OF—CASE ADJUDGED.—Where the plaintiff sued the defendant in two counts; and on trial had before a jury the issues were found for the plaintiff on each count, and a separate assessment of damages was made in the verdict, the trial court rendered one judgment for the aggregate amount of the verdicts, pursuant to the practice act. Upon appeal to the Supreme Court by defendant, the judgment of the circuit court was reversed for errors committed on the trial of the issues arising on the first count, and the cause was remanded to the circuit court for further proceedings. *Held*, that the judgment of the Supreme Court had the same effect that the granting of a new trial by the circuit court would have had; and that the judgment of the Supreme Court was an entirety, and the effect thereof was to restore the parties to the same condition in which they were prior to the rendition of the judgment; that the new trial, without a limitation in the judgment granting it, was a new trial *in toto* of all the issues in the case. (PHILIPS, P. J., dissents).

2. ———— ORDER OF TRANSFER TO SUPREME COURT—CONFLICT WITH MOONEY v. KENNETT.—Judge Philips being of opinion that the conclusion reached by this court, in affirming the judgment of the trial court, is in conflict with the principle of the decision of the Supreme Court of this state in the case of *Mooney v. Kennett* (19 Mo. 554), this cause is ordered transferred to the Supreme Court, as in such case provided by the constitutional amendment creating this court.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

———————

* NOTE :—Certified copy of this opinion was not delivered to me until Dec. 3, 1887.—REPORTER.

*Order of transfer to the Supreme Court.*

The case is stated in the opinion.

J. M. Crutchfield, for the appellant.

I.   When two causes of action are joined in one petition, and a separate verdict returned on each, and a new trial is had of one cause, the plaintiff may dismiss as to this cause, and take judgment for the other. *Mooney v. Kennett*, 19 Mo. 551.

II.   "If there are several counts in a declaration, and a verdict is taken upon only one of these counts, it is good, provided all that is in issue upon that count be found ; because every count is to be considered as a distinct declaration." 4 Bacon's Abridg. [15 Ed.] 19.

III.   A general verdict on a petition containing several causes of action is erroneous.   The reason of this is, as stated by the court in the above case (*Mooney v. Kennett*), that if one count is adjudged insufficient, plaintiff may dismiss as to the bad count, and take judgment upon the other, just as plaintiff wished to do in this cause.   A new trial granted on appeal has precisely the same effect as if the trial court had sustained the motion for a new trial when it was first made.   The jury rendered a verdict on each count, and these two verdicts were blended into one judgment.   When the judgment was reversed as to one count, being an entirety, it was reversed as to both.   But the verdict on the second count was not affected.   The rule for security for costs could not have reference to the second count, because no trial was necessary on that count.   There was a verdict in full force.   No more costs could accrue as to the second count.   But it was quite proper that while the action on the first count was pending, plaintiff should give security for costs.   A new trial was necessary on that count.   When plaintiff dismissed as to this count, all proceedings depending upon that count were out of court.

O. L. HOUTS, for the respondent.

I. After appellant dismissed as to first count in his petition, the second count being only for the sum of five dollars, the circuit court no longer had jurisdiction and could render no judgment other than to dismiss the case. Rev. Stat., sect. 1102, p. 201.

II. Conceding that the court had jurisdiction to render judgment on the second count, as prayed by appellant (which is not admitted), it would have been the duty of the court to render judgment against appellant for costs, and first compel him to secure the costs, especially after he had already been ordered to secure the costs and had taken leave to do so. Rev. Stat., sect. 996, p. 185.

III. Appellant was not entitled to judgment on his motion. The cause was reversed and remanded for new trial. *Needles v. Burk*, 81 Mo. 569.

PHILIPS, P. J.—The plaintiff sued the defendant in two counts. On trial had before a jury, the issues were found for the plaintiff on each count, and a separate assessment of damages was made in the verdicts. Pursuant to the practice act the court rendered one judgment for the aggregate amount of the verdicts. From this judgment the defendant appealed to the Supreme Court, where the judgment of the circuit court was reversed for errors committed on the trial of the issues arising on the first count. 81 Mo. 569. The cause was remanded to the circuit court for further proceeding. When the cause came on for re-trial, the defendant filed motion to rule the plaintiff to give security for costs, on the ground that since the former trial the plaintiff had become non-resident of the state. This motion was sustained. Thereafter the plaintiff entered a *nolle prosequi* as to the first count, and moved the court for judgment on the verdict returned by the jury on the second count. During the pendency of this

motion the defendant moved the court to dismiss the action, for the failure of the plaintiff to give the required bond for costs. This last motion the court sustained, and dismissed the action. From this judgment the plaintiff has appealed.

I. The controlling question arising on this appeal is, was the plaintiff entitled to judgment on the verdict returned by the jury on the second count of the petition? It is quite evident, from the opinion of the Supreme Court on the former appeal, that the only errors found in the trial of the cause pertained to the first count, for Hough, C. J., who wrote the opinion, observed : "There was a second count for work and labor, which requires no notice at our hands." The judgment of the circuit court was reversed solely on account of the errors committed in the proceedings respecting the first count. The judgment on both counts being an entirety, if set aside as to one was necessarily vacated as to both. Now I take it that the legal effect of this ruling of the Supreme Court was the same as if the motion filed in the circuit court to set aside the judgment and grant a new trial had been sustained in that court, and the appeal to the Supreme Court had thus been obviated. Such a motion, in its logical order, follows, or succeeds, the entry of judgment on the verdict. It is not like the motion in arrest, which should precede the entry of judgment and operates on the verdict. *Gilstrap v. Felts*, 50 Mo. 432.

When the judgment was set aside because of errors committed solely in trying the issues on the first count, and there was no error leading to the verdict on the second, why disturb the latter verdict? The verdicts were independent of each other, as much so, in this respect, as if the plaintiff had brought separate suits on each cause of action. Why, then, should the trial court resubmit, and relitigate, an issue already tried, and properly decided by the jury? Had the practice act authorized a separate judgment on the separate verdicts,

the Supreme Court would not have disturbed the judgment entered on the verdict returned on the second count. In *Livingston v. Livingston* (3 Johns. 190), the petition contained several counts. On appeal, the Supreme Court found that, as to the first count, there was error; but as there was no objection to the other counts, on which there was a separate assessment of damages, the plaintiff was permitted to enter a *nolle prosequi* on the first, and take judgment on the others. I think the same principle is recognized by our Supreme Court in *Mooney v. Kennett* (19 Mo. 554). The court, through Scott, J., say: "Where several causes of action are joined in one petition, there should be a separate assessment of damages or verdict in each cause; otherwise, when a new trial is had in one cause of action, there must necessarily be a new trial as to all, where it is apparent that the verdict, as to some of them, is correct. This course, too, will enable the plaintiff to enter a *nolle prosequi* as to one cause of action, and take a judgment for the rest." Looking to the actual substance of the matter, and the ends of substantial justice, as well as the prevention of unnecessary litigation and accumulation of costs, I can perceive no sensible and practical reason why the wholesome maxim of the law, *nemo debet bis vexari pro eadem causa*, should not be applied to this case.

II. It is no valid objection to this course, as suggested by counsel, that when the first count was dismissed the remaining cause of action was below the jurisdiction of the circuit court. The jurisdiction of the court was determined and fixed in the first instance by the aggregate sum of the causes of action set forth in the petition. *Smith v. Clark*, 54 Mo. 58; *Fickle v. Railroad*, 54 Mo. 219.

Had the jury found for the defendant on the first count and for the plaintiff on the second, that would not have ousted the jurisdiction of the court to proceed to judgment on the latter verdict. The verdict was re-

turned, when the court had jurisdiction of the subject-matter ; and that jurisdiction could not be taken away by any subsequent action of the court or the parties. A discretion is lodged, in such instances, by the practice act, in the trial court in the matter of the taxation of costs. Rev. Stat., sect. 992.

III. It scarcely needs argument or authority for the palpable proposition, that if the plaintiff was entitled to have judgment on the verdict already returned, it was outside of the spirit of the statute pertaining to security for costs, to dismiss the action, because plaintiff had failed to give the required bond to secure costs of a trial already had. A majority of the court, however, are of opinion that the circuit court did not err in dismissing the action, and refusing to enter up judgment for plaintiff on the second count, for reasons expressed in a separate opinion.

Being of opinion that such conclusion is in conflict with the principle of the decision of the Supreme Court, in *Mooney v. Kennett* (*supra*), this cause is ordered transferred to the Supreme Court, as in such case provided by the constitutional amendment creating this court.

The judgment of the circuit court is affirmed. Philips, P. J., dissenting.

ELLISON and HALL, JJ.—We think that the judgment of the Supreme Court had the same effect that the granting of a new trial by the circuit court would have had. *State v. Circuit Court of St. Louis*, 41 Mo. 574; *State v. Newkirk*, 49 Mo. 472. The judgment of the Supreme Court, reversing and remanding the cause, was an entirety, and the effect thereof was to restore the parties to the same condition in which they were prior to the rendition of the judgment. The parties must proceed " to a final determination of their rights in the trial court in the same manner and to the same extent as if the cause had never been heard or decided by any

court." *Crispen v. Hannovan*, 86 Mo. 160. The new trial without a limitation in the judgment granting it, was a new trial *in toto*, of all the issues in the case. The plaintiff, in the circuit court, could, without doubt, have entered a *nolle prosequi* as to the count in the trial of which there was error, and had judgment on the other count, and this he might have done in the Supreme Court. But the plaintiff took no such action. It may be that the Supreme Court might have reversed the judgment and remanded the case with an order to the circuit court to grant the plaintiff leave to there, after such reversal, enter such *nolle prosequi*, and upon such entry being made, to enter judgment in his favor on the other count, but this the Supreme Court did not do. Even if the Supreme Court, which we do not admit, might have ordered the circuit court to render judgment for plaintiff on such count and try again the other count only, it is sufficient to say that the Supreme Court did not make such order.

The Supreme Court, as has just been said by us, ordered a new trial *in toto*, and thereby necessarily set aside the verdicts of the jury upon both counts. This necessitated an entire new trial. In our opinion the judgment of the circuit court should be affirmed. It is so ordered.