CATHERINE SPEERS, RESPONDENT, v. R. A. LUCAS, APPELLANT.*

Kansas City Court of Appeals. February 1, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 707, n. 11; Money Received, 41CJ, p. 50, n. 8; p. 69, n. 96; p. 73, n. 28.

*M. T. January* for appellant.

*A. J. King* and *W. H. Hallett* for respondent.

ARNOLD, J.—This is an action for money had and received. The facts disclosed are that in August, 1924, defendant owned a dwelling house in which he lived in Nevada, Vernon county, Missouri, and plaintiff, at that time, was living in Eldorado Springs, Cedar county, Missouri. Sometime during that month one L. R. Mitchell, a real estate agent of Nevada, Mo., took plaintiff to look at a house in that city owned by one Matney which Mitchell had for sale.

Plaintiff testified that she was not interested in the purchase of the Matney place and stated that she might be interested in buying a place nearer the public square. Mitchell then took her to the home of defendant Lucas which was located within four blocks of the square and which the owner desired to sell, with a view of selling the property to her. Plaintiff examined defendant's property but, at that time, no price was named for the house and no agreement was made. Defendant testified that within a few days after the first visit, plaintiff returned to defendant's home and again examined the house and also looked at some pieces of furniture or other personal property which defendant would sell in the event he made a sale of the house.

The evidence in behalf of defendant tends to show that on this second visit he told plaintiff he would sell the house for $6000. Defendant testified that plaintiff then said she would take it and that he suggested she make a down payment of $500 to $1000; that plaintiff said she would go home and consult with the folks and that she "would send the money" to him later. Defendant's wife, testifying in his behalf, stated she was present during this conversation; that she heard defendant tell plaintiff he would sell the house for $6000 and that it was customary to make a cash deposit in such deals, and that plaintiff replied, "Well, I will go home and think it over."

Plaintiff, testifying, denied that she agreed to buy the property; denied that defendant had named any price to her at that time, or at any other time. She testified that after she had examined the property and returned to Eldorado Springs, she received a letter from the real estate agent, Mitchell, who had shown her the property (this letter being introduced in evidence over the objection of defendant) to the effect that the property she was "asking about" could be bought for $3500; that thereupon she wrote her check payable to defendant for the sum of $500, as part payment on the house and mailed it to defendant, thinking she was purchasing defendant's house

for $3500. Within a day or two thereafter, she received another letter from Mitchell (also introduced in evidence) telling her she was mistaken in thinking she was purchasing defendant's property for $3500 and that it could not be bought for less than $6000; that she immediately wrote defendant demanding a return of the $500 she had paid through misunderstanding; that she went to Nevada soon thereafter, saw defendant, demanded the return of her money, and offered to show him the letters she had received from Mitchell and explain the misunderstanding to the effect that she thought she was purchasing his property for $3500; that defendant refused to hear her explanation or to read the letters, and also refused to return the $500. This suit followed.

The petition, in substance, alleges the facts testified to by plaintiff; states the payment of $500 to defendant was due to a mutual mistake through the letter received from the real estate agent, Mitchell, and makes demand for the return of said payment. The answer is a general denial and as affirmative defense pleads that on or about August 21, 1924, defendant and plaintiff entered into a verbal contract whereby defendant sold plaintiff his house in Nevada, Mo., for the price and sum of $6000; that afterwards, as part payment on the purchase price of said property, plaintiff mailed defendant a check for $500 which said check defendant cashed and now holds the proceeds thereof in his possession; that afterwards plaintiff demanded the return of said check, for the reason that the land agents were causing her trouble; that defendant declined to rescind the sale and offered to deliver to plaintiff a deed to said property on payment of the balance of the purchase money; and that defendant has always been ready, willing and able to carry out said contract, and tenders into court a warranty deed and abstract conveying said property to plaintiff and showing good and merchantable title thereto, free of any encumbrance.

The reply denies that a verbal contract, or a contract of any kind, was made with defendant whereby plaintiff agreed to pay defendant $6000 for his house.

Upon the pleadings thus made, the cause went to trial to a jury, resulting in a verdict and judgment for plaintiff in the sum of $521.66. A motion for a new trial was unavailing and defendant appealed.

In the assignments of error, it is contended the court erred in refusing defendant's peremptory instruction at the close of the case. In support of this position, it is urged that money paid as part of the purchase price of land under a verbal contract cannot be recovered back if the seller is ready, able and willing to perform his part of the contract. [Citing Galway v. Shields, 66 Mo. 313.]

There seems to be no disposition on the part of plaintiff to refute this plain proposition of law. The objection is based upon the theory, of course, that there was an oral contract entered into for the purchase of defendant's property for $6000, and that the $500 payment was made by plaintiff as part of said purchase price. However, the record discloses that this was a controverted issue. Plaintiff's testimony is to the effect that no such oral agreement was made and in this view she is corroborated by defendant's wife who testified that plaintiff said she would go home and "think the matter over."

In the light of this testimony it cannot be successfully contended that the case should not have gone to the jury for its consideration on this point. This rule of law is so elementary that citations in support thereof are not necessary.

It is charged also that the court erred in giving plaintiff's instruction "A;" that said instruction is erroneous and the error is not cured by giving defendant's instruction 3. The part of plaintiff's instruction to which this charge of error is directed is as follows:

"That, thereafter, the plaintiff received information upon which she relied to the effect that the said property of the defendant could be bought for the sum of thirty-five hundred dollars ($3500); that, acting upon said information and belief the plaintiff sent her check to the defendant for the sum of five hundred dollars ($500);"

The objection is that the instruction ignores the proposition that the mistake, if any, was unilateral and not mutual, and eliminates from the consideration of the jury the question of plaintiff's negligence and the further question that defendant contributed in no way toward plaintiff's mistake. Instruction "A" purports to cover the entire case and directs a verdict. It was held by the Supreme Court in Clifford Banking Co. v. Commission Co., 195 Mo. 262, opinion by LAMM, J.:

"The action for money had and received has always been one favored in law and the tendency is to widen its scope, it being a flexible form of action, levying tribute on equitable as well as strictly legal doctrines; so that, it has become axiomatic that the action lies where the defendant has received or obtained possession of the money of the plaintiff, which, in equity and conscience, he ought to pay over to the plaintiff."

Defendant contends that he must have contributed to the mistake before the plaintiff can recover. This is not the law. The general rule is stated in 21 R. C. L., p. 164, sec. 191, under the general heading of Mistake of Fact, as follows:

"Where money is paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, and the money would not have been paid if it had been known to the payor that the fact was otherwise, it may be recovered."

The ground on which the rule rests is that money paid through misapprehension of fact "in equity and good conscience belongs to the person who paid it." [Needles v. Burk, 81 Mo. 569; Brewing Co. v. St. Louis, 187 Mo. 367.]

It is urged by defendant that a mistake must be mutual to permit a recovery under its influence. However, it has been held that mutuality in a mistake is not essential for if one pays money under an honest mistake of fact on his part, although it is received by payee with full knowledge, he may recover the money so paid. [Needles v. Bank, supra.] It was held in Mathews v. City, 80 Mo. 231, that ordinarily, an action cannot be maintained on the ground of plaintiff's mistake alone, unless the recovery which is sought would leave defendant *in statu quo*, or unless the defendant had been guilty of fraud, or misrepresentation, or would secure some unconscionable advantage by withholding the money.

The case at bar would seem to meet the rule just enunciated, and it must be concluded, under the above citations, that under the facts herein presented, plaintiff's mistake alone was sufficient ground for recovery. The instruction, in the respect complained of, was not error but was a proper pronouncement of the law.

It is also charged as error against this instruction that it is in direct conflict with defendant's instruction 3, which reads:

"The court instructs the jury that if you believe and find plaintiff agreed to purchase defendant's house at the price of $6000, she cannot refuse to carry out the contract, even if she was misled by Mitchell, unless defendant in some way was guilty of bringing about the mistake, and your verdict should be for defendant."

That plaintiff's instruction "A" and defendant's instruction No. 3 declare opposite theories of the law is obvious. Defendant urges that plaintiff's instruction was error in that it did not correctly declare the law, and that as defendant's instruction No. 3 did properly declare the law, there was reversible error.

We do not agree with counsel in this view. We have already held that plaintiff's instruction "A" correctly states the law and it follows that instruction No. 3 for defendant is erroneous. It is the rule and always enforced that the losing party to a suit may not secure the giving of an erroneous instruction in his behalf and then predicate error thereon on appeal. This rule is elementary and will not be denied. Citations, therefore, would be useless in its support.

Appellant urges that error was committed by the court in admitting in evidence the letter of the real estate agent in which plaintiff was told she could purchase the property she was "asking about" for $3500; and also in the admission of the second letter from the same party to the effect that a mistake had been made.

This objection is based upon the theory embraced in defendant's instruction No. 3, to the effect that the mistake must have been brought about by some act of defendant. It is urged that the letter was *"res inter alios acta,"* that is to say, the words and acts of another. We think the admission of these letters in evidence was proper as tending to support plaintiff's allegation of mistake of fact. Under the above ruling that the mistake need not necessarily have been mutual, and the citations in support thereof, the source through which plaintiff received the information upon which she relied is material to show there was a mistake. The letters were corroborative of plaintiff's statement that she had not agreed to purchase defendant's property for $6000, and a part of the transaction, and tend to throw light on the intent on the part of plaintiff in paying the money.

It is charged as reversible error that the court refused to admit in evidence defendant's exhibit 2, which is as follows:

"Eldorado Springs, Mo., Aug. 21st-24

"Mr. Lucas—I will take the kitchen range, writing desk, gas heater, and price that round table in kitchen. And your place.

"MRS. CATHERINE SPEERS."

Doubtless the theory upon which this letter was excluded was that it contained nothing bearing on the issues involved in the suit, to-wit, the mistaken payment of the $500 check and especially is the letter silent as to the price to be paid for the property. Plaintiff testified that she desired the property at the price of $3500. We hold the trial court did not err in construing the letter as having no bearing on the question at issue.

Defendant's exhibit No. 1, consisting of a postal card, was admitted in evidence and is as follows:

"Eldorado Springs, Mo., Aug. 22-24

"Please return check for $500. Mitchell and others have caused more trouble. I attend to my own affairs. Vernon County is hell.

"CATHERINE SPEERS."

The cause was fairly tried, the judgment was for the right party, and there appears of record no reversible error. The judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.