The court held the case under advisement, until the 21st of November, when the President delivered their opinion as follows :
 

 Shippen, President.
 

 This is an action for money had and received to the plaintiff’s use. The facts are, that a bill of exchange was drawn on a house in France, by Benjamin Harrison & Company, of which company the plaintiff was one, in favor of the defendant, or some other person who indorsed the bill to the defendant. The bill being presented to the drawee, he refused to accept it, and a protest was made for non-acceptance. The bill, with the protest, was sent back, and the plaintiff being applied to for payment, voluntarily paid the defendant both principal and damages. This action is brought on an implied
 
 assumpsit,
 
 to recover back part of the money, to wit, the damages, as paid by mistake ; the plaintiff contending, that to compel him to the payment of damages, there ought not only to have been a protest for
 
 non-acceptance,
 
 but likewise a protest for
 
 non-payment;
 
 and that having paid those damages, when by law he was not obliged to pay them, he ought in justice to recover the money back.
 

 This is a liberal kind of action, and will lie in all cases where by the ties of natural justice and equity the defendant ought to refund the money paid to him ; but where the party might with a good conscience receive the money, and there was no deceit or unfair practice *in obtaining it, although it was money which the party could not recover by law, this [*149 aetion has never been so. far extended as to enable the party who paid the money voluntarily, to recover it back again,
 

 (a)
 

 The case of
 
 Louirey
 
 v.
 
 Bourdieu,
 
 in Doug. 452, and that of
 
 Farmer
 
 v.
 
 Arundel,
 
 in 2 W. Black. 825, are full to this point.
 

 In the present case, the defendant had presented the bill to- the drawee for acceptance, and, on refusal, got it protested. Shortly after, and before the day of payment, an
 
 arrit
 
 from the king of France prohibits the creditors of the drawee from suing him ; upon which, the bill was immediately
 
 *154
 
 sent back, and Mr. Morris, without waiting for a protest for non-payment, voluntarily takes up the bill and pays the damages. A protest for nonpayment, however, appears to have been made in France, before the money was paid by Mr. Morris, although he did not know it. The defendant had acted with fairness, and lain out of his money, and might with a good conscience receive the legal damages.
 

 The point of law principally agitated in this cause, whether a protest for non-acceptance only, is sufficient to recover the money from the drawer, is not material to be determined in this action, because, as it is voluntarily paid, and the defendant might, consistent with justice, receive it, whether that point of law is for or against the plaintiff, we think, he cannot recover the money back,
 
 (a)
 

 Judgment for the defendant.
 

 (a)
 

 s. p. Irvine v. Hanlin, 10 S.
 
 &
 
 R. 220. And see Bogart
 
 v.
 
 Nevins, 6 S.
 
 &
 
 R. 369; Mathers v. Pearson, 13 Id. 258.
 

 (a)
 

 а) It is now well settled, that if a bill of exchange be not accepted, an action will lie upon it against the drawer, before the time when it is made payable. Taan
 
 v.
 
 Le Gaux, 1 Yeates 204. But it was ruled in that case, that the holder was not entitled to the twenty per cent, damages, without a protest 'for non-payment; the act of 1700 (1 Sm. Laws 16) giving damages only in the case of bills “returned back
 
 unpaid
 
 with a legal protest.” Ihe act of 1700 was repealed by the act of 30th March 1821, which established a rate of damages for different parts of the world, but the expressions of the latter act are almost exactly the same as those of the act of 1700.