Yeates J.*
This is a motion for a new trial, and is brought forward by the defendants, grounded on the idea that the plaintiffs were not entitled to recover in this form of action, the rents of the house and lands whereof Mrs. Hester Duché died seized, from the time that Jacob Duché, the elder, had knowledge of the title of the plaintiffs, (which in all proba-*1291 kility was *on the 12th February 1782,) until the day •J of the demise, laid in the declaration in ejectment, on which the recovery of the premises was had, viz. 2d March 1786.
The argument has been conducted on two points; — i-st, Whether the suit could be sustained in a court of common law in England. 2d, Whether a court of equity would not give relief in such a case.
On the first head, the plaintiffs rely on the cases Hasser v. Wallis, (1 Salk. 28.) Birch v. Wright, (1 Term Rep. 378,) and Arris v. Stukeley, (2 Mod. 263.)
But in the first case, the defendant received the rents as the *129 visible husband of the plaintiff, he having married her during the life of his first wife, and the .plaintiff consented on her marriage that he should manage her estate, and therefore it may with propriety be said, that the defendant received the money acting as her agent, if not as her husband deptre.
In the case of Birch v. Wright, there was a privity of estate, as well as contract, and the defendant came into possession as tenant of Mr. Bowes, from year to year, and held over his term. The plaintiff derived his title under Mr. Bowes.
In the case of Arris v. Stukeley, the point directly before the court for their opinion, was, whether indebitatus assump-sit would lie against the defendant for the profits of an office, when there was no contract between the parties, and where the defendant pretended title thereto. The court held, that the action would lie. This was determined, Trin. 29, Car. 2, in the exchequer.
In the case of Howard v. Wood, adjudged Hil. 31 and 32 Car. 2, (and reported in Sir Thomas Jones, 126, and 2 Leo. 245,) the same point came before the court, and the objection was taken, that the defendant claimed title and received the money for his own use; but the court said, if this had been a new case, it would be hard to maintain it, but it had been determined two or three times before, and the above determination in Dr. Arris’s case, is cited in 2 Jon. 128, where it is also said by the court, that if the case had now first come in judgment, they would not allow the action. The ground of the resolution is put on the foot of practice, and to preserve uniformity of decisions.
The obiter resolution in 2 Mod. 263, that indeb. ass. will lie for rent received by one who pretends a title, because in such case action of account would lie, is not warranted by the authority cited from Moore, 458. The words of 4 Hen. 7th 6. b. are general. ‘ lPer Brian. If I have lands, and a “man receives my rents, and without my assent, yet he is “receiver, &c. and * therefore the receipt charges him, pion ‘ ‘ &c. ’ ’ On the contrary, as far as I have been able to *- discover, on a minute search the cases are directly otherwise. In the year book, 2 Hen 4th 12. b. Hankford J. says, “I ‘ ‘ apprehend no man shall be bound to account, except by act 1 ‘ of law, or his own account. By act of law, as guardian in “socage, whom the law compels to account; — by his own act, “where he is, by his own proper will, bailiff or receiver. “But here to make a man to account, where it never was his “will to account, this would be a marvellous thing.” So are the cases expressly in Brooke’s Abridgment, tit. Account, pi. 8, 22, 24, 65, 89; that a receiver by wrong is not chargeable in account, and the case of Tottenham v. Bedding-field, reported in 3 Leon. 24, and Owen, 35, 83, cited on the argument. The distinction is taken between the case of the king and that of a private person, where rents are wrong *130 fully received, in n Co. 90. Eor these reasons my mind is perfectly satisfied, that judging as a mere court of common law, his action could not be supported.
The remaining question is, whether equity would give relief to the plaintiffs in a case similar to the present.
■It is agreed by the defendant’s counsel, that chancery would decree an account of rents and profits, where there has been fraudulent conduct and concealment by the party holding possession against the rightful owner. The plaintiff’s counsel contend, that their suit is maintainable on this ground, and that the letters of the testator were calculated to keep the defendants under an error, and that the communications were not fairly made; I mean those dated 12th February 1782, 10th May 1784 and 24th July 1784. They say further, that it appears by the case of Coventry v. Hall, (reported in 2 Cha. Cas. 71, 134. Cha. Rep. 259 and 1 Bac. Abr. 18.) Chancery have extended their notions, and that the person who took the mesne profits by wrong is taken as trustee for and accountant to him that had the right. From the state of the evidence at the trial (as given by the chief justice) and the charge of the court to the jury, it appears, that it was submitted to the jury on the matters now in'question, to determine in the first instance, whether they were satisfied that there was any misrepresentation or concealment, which would clearly, be a sufficient foundation for chancery to decree an account to be taken of the rents and profits. .
Jacob Duché the.elder came into possession of the premises under the title of his wife Hester, who- held under the will of her first husband, .Edward Bradley. During his intermarriage, he held the lands under the same right, on which the alienee of the now plaintiffs, recovered his possession. «.¶ Had he came for * ward after his wife’s' death, and made J a full and candid representation of her will, instead of a partial one, to the plaintiffs; had he made fair communications to Haldane and wife, instead of holding up the idea that the real estate would be confiscated by the attainder of his son; and after all, if Haldane and his wife had slept for years before they took possession, or instituted a suit for that purpose, my judgment on the whole, would be very different from what it is at present. But according to the facts stated, and the verdict found by the jury, I am bound to believe, that the present case has the ingredient of concealment in it, which is the exception put by the lord chancellor, in the case of the duke of Bolton v. Deane (Preced. in Cha. 517.)
But it has been much relied on by the defendant’s counsel, that the plaintiffs having deprived themselves of their remedy at law, shall not have relief in- chancery. I confess this appeared' to me the most weighty objection on the argument. My mind is however, now better satisfied. It is true, by the plaintiffs conveyance to John Duffield of the 2d March 1786, *131 they parted with their reversion, and therefore had no remedy by distress. But could they have distrained previously, on a demise by Jacob Duché for rents due by his tenants? If they could not, what remedy have they deprived themselves of by their own act? It is not similar to the case of Hitcham v. Finch and Block (reported in 4 Vin. 388, who takes it from 1 Danv. Abr. 753. The original case is in 1 Rol. Abr. 375.) There a copyhold tenant in fee of a manor, surrenders it to the use of one for life, the remainder to B in fee. Tenant for life dies; B pays no fine for his admittance, but after his death, it descends to his son, who surrenders to the use of J. S. in fee. No fine is paid for it, and the rents of the tenement are several years in arrear. The lord grants the manor in fee to J. D. and then brings his bill in equity against J. S. . the purchaser of the copyhold estate for the rent in arrear and the fines due before his sale. The court of king’s bench granted a prohibition to the court of requests (who then exercised an inferior equity jurisdiction, which was afterwards adjudged an illegal usurpation of power) when the above matter being pleaded, was over-ruled on demurrer. It was resolved in B. R. that the lord had deprived himself of his remedy by his own act, viz. the sale of the manor, and should have no remedy in a court of equity, especially against J. S. thé purchaser for the fines and arrears of rent due before his purchase. The cases are materially distinguishable. Previous to this sale, the lord had a fulí and complete remedy by distress. But not so, the plaintiffs in the case before the court. There the remedy was sought against a purchaser for * valuable consideration, unacquainted in all human r*-)™ probability with the real claims of the lord of the L manor. Here the remedy is sought against the estate of the person, who withheld the rent by concealment, and unfair communications, and who alone was benefited by the receipt thereof.
Explained in 10 S. & R., 219, 220, and distinguished from a case where one tenant in common seeks to recover from his co-tenant the price of cer . tain ore, paid by the former to the latter under the mistaken suppositior that the latter had an exclusive title to the land-where the ore was dug.
Upon the whole, on the best consideration I have been able to give to the argument, I am of opinion that the rule to shew cause why a new trial should not be granted be discharged, and that judgment be entered for the plaintiffs on the verdict.
Mr. Justice Bradford declined taking any part in the decision, having tried the cause as one of the plaintiffs’ counsel.
Judgment for the plaintiffs.

1? is opinion, though, prepared, was not publickly delivered in court.