The opinion of the court, (Tilghman, J. being absent,) was delivered by
Duncan, J.
It may be proper, to dispose of the suggestion of the counsel of the plaintiff in error, that William Hanlin, received part of the money in his own wrong, when he was not the guardian, and therefore no action of account render would lie against him for this. If this be so, then it is very clear, the action for
money had and received will not lie against him, if he was a trespasser and intruder, for in Haldaine & al. v. Duche’s Executors, 1 Yeates, 129, Judge Yeates, in an elaborate opinion which he ’ had prepared, but which was not publicly delivered, shows clearly that the obiter resolution in 2 Mod. 263, that indebitatus assumpsit will lie for rent by one who pretends a title, because in such action account would lie, is not warranted by the authorities, but all the authorities, many of which he cites, are to the contrary, and it is an unanswerable objection to this form of personal action, that the title to the land could not be tried. Mather v. Trinity Church, 3 Serg. & Rawle, 516. But where a person enters claiming as guardian, and receives the profits of land in that character, he would be responsible to the infant as guardian, and accountable as bailiff, and if he would be accountable to him, he would be considered as the bailiff of both tenants in common.
These are inseparable objections to this action. In the first place, the money was paid voluntarily, both by Benninger and Irvine, to William Hanlin, claiming a right. William Hanlin with a good conscience received the money. There was no deceit or unfair practice in obtaining it, although it was money which the party could not recover by law. This action has never been extended so as to enable the party to recover back money which he has voluntarily paid. Morris v. Tarin, 1 Dall. 148. Where a party pays money with full knowledge or the means of such knowledge in his hands, of all the circumstances, he cannot recover it back again on account of such payment beingin ignorance of the law. Now Irvine had full knowledge : suits werepending to try the very right. There was no ignorance of the facts, and he could not suppose the law was against the very right he was prosecuting. Nor can a man who pays money voluntarily ever recover it back, though' paid under the expectation of recovering it back .On this principle, I am very clear, this money could not be recovered back in this action from the defendant.
This is my own opinion, but this cause is decided on another principle, that if the plaintiff could recover at all, it must be in an action of account render against the defendant, the guardian of James Hanlin, as bailiff and receiver or in trespass.
Whether the plaintiff would have any remedy before the stat. 4 Anne, C. 16. sect. 27, it is unnecessary tp say; for the statute gives *221 a remedy by one tenant in common against another, by action of account render. But this action of account render is different frórn the action at common law; for at the common law, a bailiff is not only answerable for his actual receipts, but for what he might have made out of the land, without his wilful default. But by the plain words of the statute, a tenant in common, who is sued as bailiff, is answerable only for so much as he has actually received, more than his just share. Second, the auditors at common law could administer an oath only in two particular cases. Here they may examine the parties on oath. The declaration should, therefore, state, that the parties are tenants in common, and that the defendant has received more than his share, for unless it appear, in what capacity he is sued, the auditors cannot tell how he is to account, or whether they are to examine him on oath, for if he is charged as bailiff generally, the plaintiff will be nonsuited, unless he can prove the defendant was actually his bailiff as at common law. Wheeler v. Horne, Willes, 208. Now the very act of possession by one tenant in common converts him into bailiff and receiver of the other, and the defendant certainly, unless there was an actual ouster of Irvine, would hold in tifie character of tenant in common with him.
By bringing this action the defendant is deprived of the benefit which the statute giving this right of action of account render confers on him, that of examination before the auditors on his own oath.
After a recovery in ejectment that the tenant is liable in indebitatus assumpsit, to the plaintiff in ejectment as for money had and received, is a position which is without the support of any principle or any authority. It would be converting a local into a transitory action. Haldaine v. Duche’s Executors, 2 Dall. 176. 1 Yeates, 121, is very far from supporting this position. That was a very .special case, in which Duche would be considered as a trustee in a court of chancery. It is there put by C. J. M‘Kean, on the circumstance of Duche being a malajide possessor; ne concealed the title of his adversary from him, and misrepresented his own, and Mr. Justice Yeates denying the doctrine, that assumpsit for money had and received, or for rents would lio against the tenant, puts the case solely on chancery principles, that chancery would decree an account of rents and profits where there has been fraudulentconduct and concealment by the party holding possession against the rightful owner; but that the loss of the action of trespass for mesne profits by the death of the tenant, enables the owner to maintain an action for rents or profits, is not warranted by any authority. It dies like other personal actions with the person. For as is stated in a very able treatise on the law of ejectment, Adams’s Eject. 331, the action for mesne profits is an action of trespass. It cannnot be maintained against executors or administrators, for profits accruing during the life time of the testator or intestate, nor will a court of equity interfere to enforce the payment of them *222 against the personal representatives when the plaintiff is deprived of them by the mere accident of the defendant’s death. But where the lessor was delayed from recovering in ejectment by a rule of the court of law, and by an injunction in equity in behalf of a party who ultimately failed, both in law and in equity, the court decreed an amount of the mesne profits against the defendants’ executors.
The possession of one tenant in common is the possession of both: but if William Hanlin did not receive the money as a tenant in common, entering as guardian to James, but as his own money, claiming the whole profits, against Irvine, and refusing all participation with him, this would be an ouster; for this is not a silent possession, which would not amount to an ouster, but an actual adverse possession, and refusing to let Irvine in, denying his right, and exacting from him payment for the whole ore, claiming a right to the whole land from which it was taken. If such was the fact, the defendant would not be responsible in this form of action. Whether he would in an action of account render, it is not necessary now to decide, as our opinion is, in no view which can be taken of the case, and in whatever light the defendant’s entry and possession is considered, he is not accountable in this form of action.
Judgment affirmed.