## TAYLOR *against* THE COMMISSIONERS.

The owner of an unseated tract of land, paid to the commissioners the taxes due upon a tract of land which did not belong to him, by mistake, and did not pay those due upon his own land, in consequence of which it was sold therefor by the treasurer. *Held,* that in an action for money had and received against the commissioners, he was not entitled to recover the money which he had thus paid them by mistake.

Whenever money is paid to a party who receives it with a good conscience, and uses no deceit or unfair practice in obtaining it, an action for money had and received will not lie against him to recover it back, even though it be paid to him by mistake.

ERROR to the Common Pleas of *Beaver* county.

This was an action of assumpsit, in which *John Taylor* and *Susanna* his wife were plaintiffs, and the *Commissioners* of *Beaver* county were defendants. It was brought to recover back money which the plaintiffs had paid in discharge of taxes assessed upon a tract of land No. 86, to which they had no claim, interest or concern in any way. They had a claim to a tract No. 84, which was also assessed with taxes, and these they wished to have paid, but through a mistake of their own, paid the taxes upon No. 86. Under this mistake, they, on the 4th of December, 1809, paid the taxes assessed upon No. 86 for the years 1805-6-7-8, and afterwards at different times as the taxes were assessed upon it continued to

pay him down to the year 1812 inclusive, amounting in the whole to the sum of thirty-two dollars and twenty-two cents. The tract No. 84, in a few days after the plaintiffs paid the taxes upon No. 86, was sold for the taxes of 1805-6-7 and 8, by the order of the Commissioners, and the subsequent taxes upon it were paid by those claiming it under the commissioners' sale. These facts all appeared in a case stated in the nature of a special verdict. The court below gave judgment in favor of the commissioners, and the error assigned, is in rendering this judgment for the defendants, instead of the plaintiff.

*W. W. Fetterman* for plaintiff in error,

Contended, that this was the proper form of action in all cases where money was in the hands of one person, which in equity and justice belonged to another. Great injustice would be done to the plaintiff by a denial of his right to recover, but no injury would result to the defendants by enforcing the right, inasmuch as they could still resort to the tract No. 86 to enforce the payment of the tax due upon it. Cited, *Finney* v. *Commissioners*, 1 *Serg. & Rawle*, 62.

*H. M. Watts* for defendant in error,

Argued, that it was not the duty of the commissioners to inquire, in what capacity an applicant appears to pay taxes; it is enough for them to know that the tax is due; and under these circumstances, if they receive it without deceit, fraud or mistake on their part, but with a good conscience, it cannot be recovered back. Both parties being innocent, the maxim *"melior est conditio possidentis"* is justly applicable. Cited, *Morris* v. *Tarin*, 1 *Dall.* 147. *Levy* v. *The Bank of the United States*, 1 *Binn.* 36. *Irvine* v. *Hanlin*, 10 *Serg. & Rawle*, 220. *Bogart* v. *Nevins*, 6 *Serg. & Rawle*, 369. The doctrine contended for in this case is expressly decided in *Carson* v. *M'Farland*, 2 *Rawle*, 118.

The opinion of the court was delivered by

KENNEDY, J.—It is worthy of observation in this case, that those concerned in receiving the taxes of the plaintiffs, on behalf of the county, do not appear to have induced or contributed to the mistake under which the money was paid, in the least degree. If this were the case, it might be good ground for a different judgment from that which has been given. Or if the mistake had taken place with the Commissioners or the county Treasurer, in the application of the money, by appropriating it to the payment of the taxes assessed upon No. 86, when it was paid in on No. 84, the plaintiffs would be entitled to recover it back again, upon giving up their claim to No. 86 in favor of the party claiming it under the commissioners' sale.

*Chief Justice De Gray*, 2 *Bl. Rep* 825, lays it down as a general principle, that when money is paid by one man to another on

(Taylor *v.* the Commissioners.)

a mistake either of fact, or of law, or by deceit, this action will certainly lie. This *dictum* is said to be laid down too broadly, and no doubt is so. 5 *Taunt.* 147, 153, 162. If a man is bound only in honor to pay a sum of money, and believing that he is also bound in law, pays it under the impulse of his mistaken notion of legal obligation, he cannot recover it back: it has also been held, that a person who with a full knowledge of the fact, but under a mistake of the law, pays over money to another, claiming it as a right, although he was not compellable to pay it, yet on discovering what his right was, he cannot recover it back again, *there being nothing against conscience* in the party's retaining it. So I apprehend that a sheriff who has two executions against the same defendant, put into his hands on different days, and through a mistake of his own, sells all the goods of the defendant on the last instead of the first, and pays the money over on the second writ, he cannot recover it back again although he has made himself liable for it, and must pay it on the first execution. The money it appears to me can be received back only in those cases, when by the ties of natural justice and equity the defendant ought to refund; which *ex bono et equo*, he ought not to keep: but whenever the party may receive it with a good conscience and uses no deceit or unfair practice in obtaining it, this action will not lie. *Morris* v. *Train.* 1 *Dall.* 148. *Bogart* v. *Nevins,* 6 *Serg & Rawle,* 369. *Irvine* v. *Hanlin,* 10 *Serg. & Rawle,* 219. 2 *Bur.* 1011, 1012. 2 *Dang.* 471 *& notes.* 2 *Johns. ch. Rep.* 60. *Doctor & Stud.* 78, 250, 255.

It is not pretended that the money was unfairly received by the county. It was justly due to the county and ought to have been paid by some person. Lands are often assessed in the name of those who happen not to be the owners for the time then being. If they have been the owners at any previous period, the assessments are good. The county commissioners are not required in their assessments to keep pace with and know every transfer of land which is made. Indeed it is not usual to inquire of a person who comes forward to pay the taxes on a particular tract of land mentioned by him in what character he wishes to pay, whether as owner or agent, and under what title. It is a matter of no concern to the county under what character, title or claim he wishes to pay the taxes, for, as they are due, the proper officer may, with great propriety, receive them of any one, and the first who appears to pay. If the commissioners were to refund the money paid in this case, it might be difficult after the taxes have been credited to No. 86 for the space of upwards of twenty years to enforce the payment of them again. I think that the judgment of the court below was right and ought to be affirmed.

Judgment affirmed.