## Krumbhaar, *v.* Yewdall, Appellant.

*Payment under claim of right—Mistake.*

Where a person has, without fraud, received money which is due to him, he may retain it, although he could not have recovered it at law.

*Voluntary payment by sheriff.*

Plaintiff in an execution bought at the sheriff's sale the property covered by his lien, and subsequently furnished to the sheriff distribution searches. The sheriff. paid to plaintiff the amount due to him as disclosed by the searches. After payment was made, it was discovered that a city 'claim for paving, which had not appeared in the searches, was a prior lien to plaintiff's judgment. .This claim the sheriff was compelled to pay. *Held*, that the sheriff could not recover the amount of the claim from the plaintiff in the execution.

*Distribution by sheriff.*

Where a lien creditor becomes the purchaser at a sheriff's sale, and offers his receipt instead of money, the act of 1846 prescribes a special return and mode of procedure, and if the sheriff depart from that mode and distributes the money himself, he does so at his own risk. Mark v. Osmer, 138 Pa. 1.

Argued Jan. 27, 1893. Appeal, No. 91, July T., 1892, by defendant, John Yewdall, from order of C. P. No. 2, Phila. Co., March T., 1892, No. 145, making absolute rule for judgment for want of a sufficient affidavit of defence, in action by plaintiff, Charles H. Krumbhaar. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to recover money paid under mistake. Rule for judgment for want of sufficient affidavit of defence.

From the record it appeared that plaintiff, while sheriff of Phila. Co., sold certain real estate under levari facias issued in an action of scire facias sur mortgage in which John Yewdall was plaintiff. The property was bought in by the execution plaintiff, who subsequently transferred his bid to John L. Hogan. Hogan paid Yewdall for the property, and the latter made settlement through his attorney with the sheriff, furnishing the usual distribution searches. The sheriff's deed was made to Hogan. The amount disclosed by the searches as due to the execution plaintiff was paid to him by the sheriff. Three months after the sheriff's sale a city claim for paving was filed against the property, and this claim, being a prior lien to the

mortgage, the sheriff was compelled to pay. At the time of the sale neither the execution plaintiff, his counsel, nor the sheriff knew anything of the claim.

Defendant filed an affidavit of defence which was in part as follows:

" The property was sold at sheriff's sale on November 3, 1890, and purchased by my attorney for me for $600. Subsequently one John L. Hogan offered to purchase the property from me and I agreed to sell it to him upon the payment to me of the full debt, interest and costs in the case and no more. He purchased the property from me upon the above terms and upon December 13, 1890, a deed was made and delivered to the said John L. Hogan by the sheriff for the said premises. The amount of the bid at the sheriff's sale was paid to the sheriff and the balance of the consideration was paid to me partly in cash and partly by a bond and mortgage given by the purchaser. I am informed and believe and therefore aver that subsequently on December 31, 1890, Charles E. Lex, Esq., called upon the sheriff to make distribution of the funds in his hands and furnished the sheriff or his deputy, Henry C. Olmsted, Esq., acting in his behalf, with such searches as he required and at the same time there was assigned to the sheriff a policy of insurance issued by the Real Estate Title Company. The searches required by the sheriff did not disclose any municipal claim for paving filed against the said premises ; I did not know that there were any unpaid paving bills against the premises in question, nor did my counsel know of the same. Upon request of my counsel the money was voluntarily paid by the sheriff through his deputy to my counsel. Had I known that a lien was to be filed or that any money was due for any municipal improvement of any kind whatsoever I should have taken that into consideration in settling with the said John L. Hogan when he purchased the property and required of him to pay the amount of such paving lien. The matter has been long since closed with the said John L. Hogan and I am powerless to recover the money from him and if I am obliged to pay it to the plaintiff in this case it will be a direct loss to me through no fault of mine, and for which I am advised that I am not legally or morally responsible."

Rule for judgment for want of sufficient affidavit of defence. Rule absolute. Defendant appealed.

*Error assigned* was making above rule absolute.

*William Henry Lex, J. Campbell Lancaster* with him, for appellant.—In making distribution of a fund the sheriff does it at his own risk: Gould v. McFall, 118 Pa. 559.

Money voluntarily paid under a claim of right cannot be recovered back: McDonald v. Todd, 1 Grant, 18; Bastian's Case, 90 Pa. 472; Edgar v. Shields, 1 Grant, 361; Espy v. Allison, 9 Watts, 462; Taylor v. Com'rs, 3 P. & W. 112; Union Ins. Co. v. Allegheny, 101 Pa. 250; De La Cuesta v. Ins. Co., 136 Pa. 80; Mark v. Osmer, 138 Pa. 1; Bisph. Eq., part 2, ch. 1; Kelly v. Solari, 9 M. & W. 54.

*Furman Sheppard, Henry C. Loughlin* with him, for appellee.—Money paid voluntarily under mistake of fact is recoverable both at law and in equity, unless it be clear that the party making the payment intended to waive all inquiry into the facts. It is not enough that he may have had the means of learning the truth if he had chosen to make inquiry: Kerr, Fraud and Mistake, p. 415; Kelly v. Solari, 9 M. & W. 58; Meredith v. Haines, 14 W. N. 364; Lawrence v. American Bank, 54 N. Y. 436; Longenecker v. Zeigler, 1 Watts, 302; Bradford v. White, 1 Phila. 26; Johnson v. Rutherford, 10 Pa. 455.

Union Ins. Co. v. Allegheny, 101 Pa. 250; Espy v. Allison, 9 Watts, 462; Gould v. McFall, 118 Pa. 559; Edgar v. Shields, 1 Grant, 361, refer to questions of mistake of law, and have no effect upon the present question.

McDonald v. Todd, 1 Grant, 18, lays down the principle, that if payment of defendant's judgment was procured by misrepresentation of the state of the liens the sheriff was entitled to recover. In Taylor v. Com'rs, 3 P. & W. 112, the negligence of the plaintiff in the payment of taxes caused the mistake and subsequent damage. In Mark v. Osmer, 138 Pa. 1, there seems to be no question but that the sheriff was entitled to recover, save for the bar of the statute of limitations.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893:

The loss which must fall on one or the other of these parties is not due to any actual fault of either, but to the existence of a secret lien on the property sold as to which neither had any knowledge. If there is any implication of legal negligence it

is rather on the plaintiff than on the defendant. The latter certainly was under no obligation to search for unknown and unexpected obstacles in his way to the receipt of his money, while the former, as sheriff, was legally bound to pay the money to the right person. Where a lien creditor becomes the purchaser at the sale, and offers his receipt instead of money, the act of 1846 prescribes a special return and mode of procedure, and if the sheriff departs from that mode and distributes the money himself he does so at his own risk. Mark v. Osmer, 138 Pa. 1. The present is practically such a case, as the lien creditor was the purchaser though the bid was transferred and the deed made to another. The purchaser who gives a receipt upon his lien, and the purchaser who pays down his money stand upon the same basis: Mann's Ap., 1 Pa. 24, 29.

But it is not necessary, nor do we rest the case upon the fact that plaintiff was the sheriff, for it comes clearly within the established principle that money which is due and has been received without fraud may be retained, though it could not have been recovered by law. The money was due to defendant, though, as afterwards appeared, it was not payable out of this fund, being posterior in rank to the claim of the city for paving. But this claim being unknown, the defendant received the money in good faith, supposing it to be his due, and without having done anything to produce the mistake under which it was paid to him. In good conscience he is entitled to retain it. Had the plaintiff not paid it over, he on his part could have retained it, for his right is equal, but when he seeks to recover it back from defendant the onus is on him to show a better title. An equal right is not enough, for in *æquali jure melior est conditio possidentis.*

This principle is settled in a long line of cases from Morris v. Tarin, 1 Dall. 147, to Miller v. Hulme, 126 Pa. 277, and in some of them it has been applied where it was much less clear than here. See Taylor v. Commissioners, 3 P. & W. 112; Espy v. Allison, 9 Watts, 462; and Edgar v. Shields, 1 Grant, 361.

On the facts set out in the affidavit of defence the defendant would be entitled to a verdict.

Judgment reversed and procedendo awarded.