## Clark, Receiver, v. Davidson.　No. 2.

*Practice, C. P. — Trial without jury — Right to enter non-suit — Act of April 22, 1874.*

1. A judge, in trying a case without a jury under the Act of April 22, 1874, P. L. 109, may enter a compulsory non-suit, and especially is this so if no oral evidence is offered.

2. Such non-suit may be entered after the defendant has offered evidence.

*Practice, C. P.—Statement of claim—Record—Foreign suit—Pleading—Evidence.*

3. If a suit is based on a case decided by a court of another jurisdiction, a copy of the entire record of such case should be attached to the statement of claim.

*Payment—Recovery of money paid—Good faith.*

4. When a party may with good conscience receive money, and there is no unfair practice or deceit in obtaining it, the party paying it cannot recover it back again.

*Corporations—Distribution of assets—Dividend—Receiver.*

5. If a corporation is solvent and practically distributes its assets when in that condition, and it seems to have sufficient assets to pay all liabilities, the amount distributed to stockholders cannot be recovered by a receiver subsequently appointed.

Motion to lift compulsory non-suit. C. P. Lackawanna Co., March T., 1918, No. 234.

*W. J. Fitzgerald,* for plaintiff;　*S. B., C. B. & J. H. Price,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, June 2, 1923.—This case was submitted to the court for trial without a jury under the provisions of the Act of April 22, 1874, P. L. 109. No witnesses were called, and all we have before us upon which to make disposition of the questions at issue are

3 D. & C.

offers of the pleadings in the case and an exhibit from the United States District Court of the Southern District of New York. Offers for the admission of exhibits were made by both sides.

A motion was also made by the defendant for a compulsory non-suit, which, later on, by writing filed, was allowed. Exceptions were filed to the entry of the non-suit, and subsequently a petition was filed asking that it be taken off, and that is what we have before us for disposition.

The petition, *inter alia*, sets out that "a compulsory non-suit is not permitted under the act of assembly providing for jury trials by the court without a jury. In such cases the decision must be made in writing, stating separately and distinctly conclusions of fact, conclusions of law and answers and requests of counsel, if any."

At the trial of the case, which was on Jan. 16, 1923, counsel for the defendant presented a motion for judgment for want of a sufficient statement, which was overruled. In an opinion filed Feb. 3, 1923, after due deliberation, we sustained the motion and entered a compulsory non-suit, setting out our reasons for so doing, to wit, the insufficiency of the plaintiff's statement, in that it does not contain or exhibit a full record of the proceedings in the United States Court of the State of New York, which is the basis of the suit at bar.

Perhaps it might have been more appropriate language had we directed the entry of judgment for the defendant, but, after all, whether we enter a compulsory non-suit or whether we direct judgment to be entered for the defendant, it all amounts to the same thing. By the entry of a compulsory non-suit we mean that the plaintiff has no legal cause of action, or that he has not sufficiently proven it, and, [it makes] no difference in which term we express it, that is what we mean. By directing the entry of judgment for the defendant is meant that we consider the proof of the defendant to outweigh that of the plaintiff, and, from our view of the case, we are inclined to think the entry of a compulsory non-suit best conveys the meaning and the disposition of the case we intended.

Let it be noted, also, that the Act of 1874 does not provide against the entry of a non-suit. Our disposition of the case is in writing duly filed. There is only one fact found by us, and that is distinctly set out in the opinion filed. There were no points submitted by either party; therefore, not any answers to points could be given. There were no requests for findings of fact or law submitted.

We think our former opinion under date of Feb. 3, 1923, disposes of the question properly. We still maintain, and are of the opinion, that the action of the United States Court of New York is the very foundation on which the suit at bar must rest. Had there been no suit in the United States Court of New York, the present suit could not have been brought, but, since the New York court passed upon the matter, the record of such legal action should be filed and exhibited with the statement of this case: Campbell *v.* Railway Co., 137 Pa. 574, 585; Stockley *v.* McClurg, 14 Pa. Superior Ct. 629.

We said in our former opinion that since this record was not exhibited anywhere in the proceedings, they are fatally defective, and we still think so.

Another statement in the petition to lift the non-suit which may be noted is as follows: "A compulsory non-suit is not permissible in any case after the defendant has offered evidence, as in the case at bar."

A compulsory non-suit is usually asked for at the close of the plaintiff's testimony. A point asking for binding instructions is presented at the close of the case. They both amount to virtually the same thing and bring about the same end. In the non-suit, the jury is not regarded. In the point for

binding instructions, the jury is directed to render a verdict for the defendant. They both mean that the plaintiff has not made out his case.

In the case at bar no testimony whatever was given. Not a witness was sworn. The evidence in the case consists solely of several offers and several exhibits offered. With the proceedings standing as they do, we fail to see why a non-suit could not be entered at the end of the trial, just as well as after the plaintiff had made his offer and closed his side of the case. From this aspect of the case, we are not yet convinced that we were in error.

We think the omission on the part of the plaintiff to file a record of the action of the United States Court of New York with his statement in this case, and the necessity for it, are sufficiently set out in paragraphs 9, 10 and 11 of the affidavit of defence filed, and, therefore, the *dictum* as laid down in the case of Dietrich *v.* Davies, 274 Pa. 216, as cited by the plaintiff, is not applicable here. It was not the duty of the defendant to offer the record of the New York court. It should have been offered by the plaintiff, as it is the foundation and the corner-stone of his case. In the case at bar the affidavit of defence is more than a mere disavowal of knowledge, in that it very plainly sets out the omission on the part of the plaintiff in his statement of the New York record, sufficiently so to raise it as a question of law.

The Practice Act of 1915 very plainly states that the statement must contain "a particular reference to the records of any court within the county in which the action is brought." . . . This language of the act is plain, and by virtue of it the plaintiff must attach to his statement a reference to or the record of the New York case. Campbell *v.* Railway Co., 137 Pa. 574, is on all-fours with the case at bar. And in that case Justice Mitchell says: "The plaintiff's statement is defective in not exhibiting the *full* record of the suit in the Circuit Court of the United States, on which the right to recover against the defendant depends." . . .

We fail to see how we can make our position in making disposition of the case any clearer.

And while we are considering the matters involved in the petition to lift the non-suit, we might mention another reason why we think it should not be disturbed. The defendant received the two dividends going to make up the sum of $875 as follows: $625 on Feb. 9, 1912, and $250 on Dec. 31, 1912. We regard this as a voluntary payment under a claim of right, with knowledge of the facts by the persons making the payment.

This defendant was the owner of twenty-five shares of stock in the Audubon National Bank, for which he paid the sum of $2500. On Oct. 7, 1911, this bank went into voluntary liquidation. On Feb. 9th and on Dec. 31, 1912, the officers in charge of the liquidation of this bank paid to the defendant the said sum of $875 as at least part of the sum to which he would be entitled on account of the twenty-five shares of stock owned by him. And at that time this bank was thought to be solvent and all its debts outside of stockholders were thought to be paid.

It seems the president of this bank had misappropriated $50,000 of the funds of one of its depositors. On April 8, 1916, suit was brought against the said bank and its stockholders to recover the amount misappropriated. The defendant alleges he had no notice of this suit and was not a party to it; that it was brought about four years after he was paid the $875. It is not alleged that he had any notice. Therefore, his assertion that he had no notice must be taken to be true.

This case seems to come within the old and established rule that when a party may with good conscience receive the money, and there was no unfair

3 D. & C.

practice or deceit in obtaining it, the party paying it cannot recover it back again: Morris v. Tarin, 1 Dall. 147; Espy v. Allison, 9 W. 462; Carson v. McFarland, 2 Rawle, 118; Irvine v. Hanlin, 10 S. & R. 219; Krumbhaar v. Yewdall, 153 Pa. 476.

The defendant, in receiving the $875, was getting only a part of what rightfully belonged to him, and he received it four years or more before suit was brought against the Audubon National Bank to recover the money misappropriated by the president of this bank. He surely received this money in good faith as a part of what rightfully belonged to him. Then, at this late date, why should he be obliged to pay it back?

If a corporation is solvent, and partially distributes its assets when in that condition, and it seemed to have sufficient assets to pay all liabilities, the amount distributed to stockholders cannot be recovered: Lawrence v. Greenup, 97 Fed. Repr. 906.

A receiver may not recover a dividend paid to a stockholder, though paid out of the capital, if the stockholder acted in good faith, believing it to be paid from the profits, where the bank was at the time solvent: 2 Cook on Corporations, § 548, page 1178; McDonald, Receiver, v. Williams et al., 174 U. S. 397, 407.

We think we rightfully disposed of the case in our former opinion, and we see no reason why we should change it.

And now, to wit, June 2, 1923, the petition to take off the non-suit is refused.

From Charles P. Ulrich, Selins Grove, Pa.