## Friedline, Appellant, v. Somerset Borough.

Argued April 12, 1934. Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Berkey,* for appellant.

*Clarence L. Shaver,* and with him *Daryle R. Heckman* of *Shaver & Heckman,* and *Budd B. Boose,* for appellee.

OPINION BY STADTFELD, J., July 13, 1934:

This is an appeal by plaintiff from the order of the court in directing judgment to be entered in favor of defendant, in an action of assumpsit, in default of an amended statement within fifteen days, after sustaining an affidavit of defense in the nature of a statutory demurrer.

The statement of claim in substance alleges that plaintiff was a merchant engaged in the jewelry business in the Borough of Somerset; that the defendant's chief of police, acting under the authority and direction of W. H. Beachy, the burgess of said borough, acting under the direction of the town council, entered the plaintiff's place of business, and demanded and collected from the plaintiff the sum of $100 for the privilege of conducting a retail jewelry business, informing plaintiff that he, the said chief of police, would arrest the plaintiff and imprison him unless

plaintiff paid to him the said sum of $100 for the use of the defendant, Somerset Borough; that in order to prevent plaintiff's arrest and imprisonment, and closing of plaintiff's place of business, plaintiff, under protest, paid the said sum of $100 to the said Borough of Somerset.

To this statement of claim defendant filed an affidavit of defense in the nature of a statutory demurrer, averring, in substance, (1) that plaintiff's statement fails to aver facts sufficient in law to sustain the plaintiff's form of action, and (2) that the plaintiff's averred facts do not constitute an involuntary payment.

The lower court, in an opinion by Boose, J., sustained the questions of law raised by the statutory demurrer, with leave to plaintiff to file an amended statement of claim within 15 days, and in default thereof, judgment to be entered in favor of defendant. Plaintiff failing to file an amended statement, judgment was accordingly entered. From that judgment this appeal was taken.

Appellant contends (1) that the action is in assumpsit for money had and received, the alleged tort having been waived; (2) that the payment of the money was not voluntary, but under duress.

It needs no citation of authority in support of the proposition that if the payment of the money was voluntary, where there has been no mistake of fact, there can be no recovery. A payment voluntarily made to a municipality cannot be recovered back except in those instances where a statute so provides: Investor's Realty Co. v. Harrisburg, 281 Pa. 200.

Plaintiff's statement avers threats of arrest and closing plaintiff's place of business by the chief of police unless the latter were paid $100 for the use of the defendant, Somerset Borough. There is no averment that he was at the time clothed with a warrant

to arrest the plaintiff, nor with any other legal process by which he could close the plaintiff's place of business or seize any of his property. There was no such duress of person or property as would entitle a recovery.

As held in Peebles v. City of Pittsburgh, 101 Pa. 304, a voluntary payment of money under a claim of right cannot in general be recovered back. There must be compulsion, actual, present and potential in inducing the payment, by force of process available for instant seizure of person or property, and the party so paying must give notice of the illegality of the demand, and of his involuntary payment. The element of coercion being essential, mere protest or notice will not change the character of the payment or confer of itself a right of recovery. To same effect see Lowenstein v. Bache, 41 Pa. Superior Ct. 552.

Plaintiff's statement avers that the acts on the part of the borough were illegal, but does not set forth in what respect they were illegal. Plaintiff had the alternative remedy of refusing to make the payment demanded, and forcing the defendant to establish the validity and justice of its claim and right to demand the payment of the license fee collected. He, however, chose to do otherwise and voluntarily paid the license fee demanded.

We are of the opinion that the statement of claim did not set forth a good cause of action.

The assignments of error are overruled and decree of the lower court affirmed.