Royal Indemnity Co. *v.* Gunzberg, Appellant.

Argued April 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*David Turets,* and with him *F. C. McCutcheon,* for appellant.

*E. P. Curran,* for appellee.

Opinion by Baldrige, J., July 13, 1934:

The appellant executed a bond, as principal, with the Royal Indemnity Company, as surety, to the United States Government, conditioned that he would comply with the requirements of the National Prohibition Act and pay any taxes or penalties that became due because of violation thereof. A permit was duly granted to the appellant to draw and use in his business specially denatured alcohol. Subsequently, the permit was revoked, after due hearing, for violation of the prohibition law and the terms of the permit. Thereupon certain taxes and penalties were assessed against appellant.

The appellee, the surety in the bond, brought suit

in assumpsit to recover the sum of $1,250, with interest from June 29, 1928. The plaintiff, in its statement of claim, alleged that taxes, amounting to $6,936, and penalties of $50, making a total of $6,986, were assessed against the appellant; that no appeal was taken from the assessment of the Federal Prohibition Administrator of the United States, acting under the authority of the United States Treasury Department; and that plaintiff "was obliged to pay to the United States Government on June 29, 1928 the sum of $1,-250, in satisfaction of said claim."

An affidavit of defense was filed, wherein appellant denied the legality of the assessment, and averred that no judgment was ever secured against him or the surety in the bond, or that the surety was obliged to pay, or did pay, the sum of $1,250 as alleged. A rule was granted for judgment for want of a sufficient affidavit of defense, which was made absolute.

The appellant, in his assignments of error, contends: (1) All the essential ingredients of a complete cause of action do not affirmatively appear in the statement of claim. (2) A material allegation of fact is adequately denied. (3) The surety was under no legal obligation to pay any sum whatever to the United States Government.

In support of the first assignment of error, the appellant argues that the plaintiff, in its statement of claim, does not specifically allege that it paid $1,250—that the averment that it "was obliged to pay" is not a sufficiently definite statement of payment. We find no uncertainty in this language. The word "was" is the past indicative of "be." It clearly imports that a payment is not to be made, but that one was made—an accomplished fact. Further, there is a written acknowledgment of the government attached to plaintiff's statement, dated October 1, 1928, that the Royal Indemnity Company and the Eagle Indemnity Com-

pany, jointly, offered to pay the sum of $128,500 in settlement of their liability as sureties on several bonds given by permittees, which offer was accepted on June 30, 1928; that the government agreed that it would make no further demand for a civil liability on these bonds. Included in this writing is the following statement: "The case of Pa. Perf. & Barbers Sup., 1803 Fifth Avenue, Pittsburgh, [appellant] was included in and made a part of the group adjustment, file No. 19-33-812. $1,250 (signed) James J. Britt, Head, Law Division." This objection, to us, seems trivial.

Nor do we think there is substance to the second assignment. The defendant simply denied that he violated the National Prohibition Act and the terms of the permit, or that the indemnity company was obliged to pay, or, in fact, did pay, the sum of $1,250 in satisfaction of any claim of the United States Government for taxes, penalties, etc.; and continues: "On the contrary defendant avers that if the plaintiff made any payment because of any alleged claim of the United States Government for taxes, penalties, etc., said payments were made at the risk of the plaintiff, were premature and without legal compulsion for the reason that no valid, legal or final assessments were made against the defendant nor was any judgment secured against him." As the lower court well said: "Defendant at least tacitly admits that the proceedings by the Prohibition Administrator, set up in the statement of claim, actually did take place, and that defendant's permit was revoked and an assessment of taxes and penalties made against him, so that the effect of the affidavit of defense is really to deny the legality of the proceedings by which his permit was revoked and the assessment made against him." If the appellant was dissatisfied with the action of the Federal Prohibition Administrator, he had his remedy by an appeal from that assessment.

Nor do we find merit in the third assignment. The surety was justified in making a settlement before the government entered suit against the principal or the surety and recovered judgment. In Guckenheimer & Bros. Co. v. Kann, 243 Pa. 75, 80, 89 A. 807, the court cited with approval the following statement of Chief Justice GIBSON in Craig v. Craig, 5 Rawle 91, 98: "Nor is he (surety) bound to subject himself to the risk of an action by waiting till the creditor has a cause of action. He may, in short, consult his own safety and resort to any measure calculated to assure him of it, which does not involve a wanton sacrifice of the interest of his principal." As the lower court points out, there is nothing in the affidavit of defense that suggests that any injustice was done to the defendant, or that the adjustment was unfavorable to the appellant by settlement of the government's claim against him. In point of fact, the amount paid was very much less than the Federal government's claim. The appellee had a perfect right to protect itself by making a reasonable adjustment of a valid claim against it.

The case of Lipke v. Lederer, 259 U. S. 557, 66 L. ed. 1061, cited by appellant, was a bill filed in the Federal Court, praying for an injunction restraining defendant from proceeding to collect an amount due, not for taxes, but for a penalty for an alleged criminal act. The court held that the National Prohibition Act did not contemplate that penalties should be enforced through the secret finding and summary action of an executive officer. That decision has no bearing on this case. Here the penalties imposed were practicably negligible. The sum, as above stated, for which settlement was made was less than one-fifth of the total amount of taxes assessed.

Judgment is affirmed.