Cunningham et al. (to use, Appellant) *v.*
Asher et al.

Argued October 9, 1935.

Be-
fore KELLER, P. J., BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Knox Henderson,* with him *Ballard, Spahr, Andrews and Ingersoll,* for appellant.

*Lionel Teller Schlesinger,* for appellees.

OPINION BY BALDRIGE, J., December 11, 1935:

On April 26, 1929, the Eastern Asphalt Company completed certain paving in front of premises 7120-22 North Broad Street, Philadelphia, against which an assessment was made in the sum of $542.05. The defendants, holders of a mortgage covering the above-mentioned property, which was a lien before the paving was done, foreclosed, and the premises were sold by the sheriff on September 16, 1929, for $21,000.

On September 17, 1929, the Real Estate-Land Title and Trust Company issued a policy to Thomas W. Cunningham, Esq., sheriff of Philadelphia county, insuring him "from all loss or damage" by reason of his disbursing the fund arising from the sale by him, in the order and to the persons named in the schedule of distribution attached to the policy. Payment was made of county, school, and poor taxes, and water rent, and the balance was distributed to the defendants in reduction of their mortgage indebtedness.

On October 25, 1929, the Eastern Asphalt Company filed its claim in the court of common pleas No. 3, Philadelphia county, and on October 17, 1934, issued a sci. fa. thereon, to which an affidavit of defense was filed by the defendants.

On August 13, 1931, Sheriff Cunningham died, leaving a last will, wherein he appointed the legal plaintiffs as executors. On November 1, 1934, the Eastern Asphalt Company made claim against the Cunningham estate and the Real Estate-Land Title and Trust Company as insurer for payment of its claim, by reason of the wrongful distribution of the proceeds of the sheriff's sale. The insurer, the use-plaintiff, paid $325 in full

settlement of this claim. This suit was brought to recover that sum, with interest, alleging that the defendants were unjustly enriched by the sheriff's distribution. Defendants filed an affidavit of defense, in lieu of a demurrer raising questions of law which were sustained by the learned court below, and judgment was directed in favor of the defendants. This appeal followed.

The defendants alleged in their affidavit of defense (1) that the Eastern Asphalt Company lost its right to participate in the sheriff's distribution by reason of its failure to give notice of its claim at the time of the sheriff's sale, or to assert its claim when the funds were in the hands of the sheriff for distribution; (2) that the payment made by the use-plaintiff was voluntary and cannot be recovered back from defendants.

(1) True, the plaintiff did not strictly comply with section 1 of the Act of June 4, 1901, P. L. 357, which amended section 1 * of the Act of April 10, 1862, P. L. 364, and provides: "When real estate shall be sold by virtue of any writ of execution issued from any court in this Commonwealth, it shall be lawful for the sheriff to report to said court a schedule of distribution of the proceeds of said sale, according to the list of liens on the property sold, as certified to him from the record by the proper officers, which schedule and list of liens he shall attach to his return of said writ: Whereupon, the said return shall be read in open court, on some day during the term to be fixed by order of the court; and if the said distribution shall not be questioned or

---

* This section was further amended by the Act of June 12, 1931, P. L. 542 (12 PS §2670), which was subsequent to the date of distribution and does not affect this case, as it is well settled that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless its language clearly admits of no other construction: Neff's Appeal, 21 Pa. 243; Brubaker's Est., 59 Pa. Superior Ct. 109.

disputed within such reasonable time as may be fixed by the court, it shall be final and conclusive, and the sheriff shall proceed to pay out, in accordance therewith, the money mentioned in his return . . . . . ."

But the money was actually paid out according to the record list of liens against the property, as the act provides, and there was no notice of any other claim. This was done, moreover, in compliance with the explicit direction to the sheriff by the use-plaintiff, who, it would seem, is not now in a very good position to complain of the manner of distribution.

The facts in the case of Twp. of L. Merion v. Manning et al., 95 Pa. Superior Ct. 322, are very similar to the case at bar. The plaintiff constructed a sewer, which was completed September 4, 1917, along the front of defendants' land which was assessed for its share of the cost thereof. On February 20, 1918, defendants' property was sold at sheriff's sale on a mortgage which was a lien before the sewer was constructed. The proceeds of the sale, after payment of all costs, were sufficient to pay the amount of the sewer assessment. The plaintiff, as here, gave no notice of its claim on the day of the sale and made no demand for the payment of the assessment out of the fund. On February 28, 1918, it filed its claim under the Act of 1901, supra, and issued a sci. fa. thereon, to which an affidavit of defense was filed. On a rule for judgment for want of a sufficient affidavit of defense, the lower court entered judgment against the defendants. We reversed, holding that the claim became a lien at the time of the assessment and was discharged by the sale and payable out of the fund. We there said (p. 328) : "As the plaintiff failed to assert its right against the proceeds of the sale, it is gone," and that the defendants were therefore entitled to judgment. So, here, the failure of the Eastern Asphalt Company to record its lien, or to give notice of its claim at the sale or before distribution, defeated its rights. This

case differs from Franklin Twp. v. Osler, 91 Pa. 160, where there was a lien of record, but it was erroneously marked satisfied and was therefore ignored. In Knoell v. Carey, 285 Pa. 498, 132 A. 702, express notice was given by the owner of a mechanic's claim of his right to participate in the fund for distribution. In Mather v. McMichael, 13 Pa. 301, the court held that a sheriff may pay the money into court, but, if in order to avoid expenses and delay he sees fit to make a distribution on his own responsibility, he is undoubtedly liable in the event he has *actual* or *constructive* notice of a lien entitled to participate in the fund.

(2) In our view, there was no wrongful distribution of the funds in the sheriff's possession; but, in any event, the use-plaintiff could not have sustained the burden of proving its claim. Its payment as a surety of an amount now alleged not to be due was entirely voluntary. "A party who has paid an unfounded demand without constraint, cannot recover it back: it was his folly to part with his money, and he must submit to lose it": Lackey v. Mercer Co., 9 Pa. 318. See, also, Friedline v. Somerset Boro., 114 Pa. Superior Ct. 49, 173 A. 434; Knoell v. Carey, 291 Pa. 531, 140 A. 522. In Krumbhaar v. Yewdall, 153 Pa. 476, 479, 26 A. 219, the execution creditor bought at sheriff's sale the property covered by his lien. The sheriff paid to him the amount due, as disclosed by distribution searches he furnished. After the payment was made, it was discovered that a city claim for paving, which had not appeared in the searches, was a prior claim to plaintiff's judgment, which the sheriff paid and then brought an action to recover. The court held that there could be no recovery as the money paid without any fraud could be retained, although it could not have been recovered by law. "The money was due to defendant, though, as afterwards appeared, it was not payable out of this fund, being posterior in rank to the claim of the city for paving. But

this claim being unknown, the defendant received the money in good faith, supposing it to be his due, and without having done anything to produce the mistake under which it was paid to him. In good conscience he is entitled to retain it." In Royal Indemnity Co. v. Gunzberg, 114 Pa. Superior Ct. 303, 173 A. 438, we held that a surety had a perfect right to protect itself by making reasonable adjustment before suit was entered against the principal, but there a valid legal claim clearly existed, which distinguishes it from this case.

A careful consideration of this record convinces us that the conclusion reached by the learned court below is correct.

Judgment affirmed.