## Home Indemnity Company v. Fishman

Swartz, Campbell & Henry, for plaintiff.
H. R. Bach, for defendant.

BONNIWELL, J., April 6, 1937.—On February 19, 1931, the Southern Surety Company of New York issued its burglary insurance policy to defendant, covering burglary, theft or larceny of jewelry within premises occupied by defendant at 1955 Pittville Street, Philadelphia. On September 30, 1931, The Home Indemnity Company took over the liability of the Southern Surety Company under such policy. On February 9, 1932, defendant notified plaintiff of the loss of a brooch. On March 31, 1932, he filed proof of claim therefor.

On February 8, 1933, suit was instituted by defendant herein against plaintiff herein in the Municipal Court, as of January term, 1933, no. 219, in which suit defendant herein averred in his statement of claim that the brooch was stolen from premises 1955 Pittville Street, Philadelphia, by some person unknown to plaintiff, and was of the value of $800. Before trial, the suit was compromised by payment of $275 by plaintiff herein to defendant herein, and the action was then discontinued of record.

After such compromise and settlement, the insurance company made an investigation and learned that the brooch had been left by defendant's wife in an apartment of the Hotel President, Atlantic City, N. J., on or prior to January 25, 1932. Plaintiff then tendered the brooch to defendant and demanded the return of the sum paid him in settlement. When the tender was refused this action was instituted to recover the sum of $275 paid in settlement, and the additional sum of $184.50 for expenses incurred by plaintiff in its investigation of defendant's claim.

The statement of claim alleges that settlement was made by plaintiff by virtue of the sworn allegations in defendant's statement of claim as to the nature and amount of loss. To the statement of claim defendant filed an affidavit of defense in the nature of a statutory demurrer, averring in substance that plaintiff's averred facts show a voluntary payment, without fraud on part of defendant.

Plaintiff could have refused payment and forced defendant to establish the validity and justice of his claim. Plaintiff, however, chose to do otherwise and voluntarily paid $275 in compromise and settlement. There was no compulsion, actual, present, and potential, in inducing the payment.

"A party who has paid an unfounded demand without constraint, cannot recover it back; it was his folly to part with his money, and he must submit to lose it": Cunningham et al., to use, v. Asher et al., 120 Pa. Superior Ct. 121, 125.

The affidavit of defense raising questions of law is sustained, with leave to plaintiff to file an amended statement of claim within 15 days herefrom, otherwise judgment to be entered against plaintiff and in favor of defendant.